TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-06-00055-CV
NO. 03-06-00057-CV




Cottage GP Partnership II, Ltd., Cottage GP Development, Inc., and 
William B. Bush, Jr., Appellants

v.

Connie Heyer, Assignee of the LCN Connie Niemann Heyer Trust; Sherry Niemann,
Assignee of the LCN Sherry Suzanne Nieman Trust; and Nancy Nicole Niemann, 
Assignee of the LCN Nancy Nicole Niemann Trust, Appellees





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
NO. GN403851, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING


 
O R D E R


                        Appellants Cottage GP Partnership II, Ltd., Cottage GP Development, Inc., and
William B. Bush, Jr., (“Cottage Partnership”) move to exclude the exhibit list and the exhibits filed
with this Court by appellees—Connie Heyer, Assignee of the LCN Connie Niemann Heyer Trust;
Sherry Niemann, Assignee of the LCN Sherry Suzanne Nieman Trust; and Nancy Nicole Niemann,
Assignee of the LCN Nancy Nicole Niemann Trust—on June 21, 2006. Cottage Partnership asserts
that the exhibit list and exhibits should be excluded from the appellate record because they are
uncertified copies.
 
 
                        Since the filing of Cottage Partnership’s motion, we have received a certified copy
of the exhibit list from the court reporter. Thus, the portion of appellant’s motion complaining about
the exhibit list is dismissed as moot.
                        Regarding the exhibits, the court reporter has confirmed for this Court that the
original copies have been lost, thereby implicating the provisions of Texas Rule of Appellate
Procedure 34.6(f), which addresses lost or destroyed portions of the reporter’s record. See Tex. R.
App. P. 34.6(f), 34.6(g) (contemplating exhibits as part of reporter’s record). Rule 34.6(f)(4)
requires that, if the parties are unable to agree to replacement copies of exhibits that have been lost
or destroyed, the trial court shall determine whether substitute copies “accurately duplicate with
reasonable certainty the original exhibit[s].” Tex. R. App. P. 34.6(f)(4).
                        Here, Cottage Partnership has stated in its motion to exclude that it is unable to agree
to substitute copies because this appeal arises from a default judgment entered against it; having not
been present at the trial, Cottage Partnership is unable to verify that the proposed substitute copies
are accurate representations of the original exhibits. Therefore, in accordance with Rule 34.6(f)(4),
the trial court is ordered to conduct a hearing to determine whether substitute copies “accurately
duplicate with reasonable certainty the original exhibit[s].” Tex. R. App. P. 34.6(f)(4).
                        It is ordered July 28, 2006.
 
 
                                                                                                                                                            
W. Kenneth Law, Chief Justice
Before Chief Justice Law, Justices Puryear and Waldrop